J-S33021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GEORGE C. BENJAMIN, JR. :
:
Appellant : No. 59 MDA 2024

Appeal from the PCRA Order Entered January 2, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000502-2009

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: OCTOBER 9, 2024**

George C. Benjamin, Jr., appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. Because the petition is untimely, we affirm.

The pertinent facts and procedural history are as follows: In January 2009, Benjamin was charged with several drug-related charges. On March 10, 2009, Chief Public Defender Charles T. Jones met with Benjamin at the county prison and read to him the contents of the criminal complaint and the affidavit of probable cause. During this meeting, Benjamin told Attorney Jones that he would be hiring a private attorney. In his notes from the meeting, Attorney Jones specifically wrote that he had not discussed Benjamin's case with him. Two days later, March 12, 2009, Attorney Elizabeth Judd represented Benjamin at his preliminary hearing, and continued to represent him through the duration of his case.

On December 30, 2009, Benjamin entered a negotiated guilty plea to all of the charges. The plea agreement provided that the parties agreed to a forty-month minimum sentence with the sentencing court to determine the appropriate maximum.

By the time of sentencing, Attorney Jones had won a seat on the court of common pleas. On January 27, 2010, The Honorable Charles T. Jones, Jr. sentenced Benjamin, in accordance with the plea agreement, to an aggregate term of forty months to ten years of imprisonment. Benjamin did not object to Judge Jones presiding at his sentencing and did not file a direct appeal.

On December 1, 2011, Benjamin filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On December 11, 2011, the Commonwealth filed a motion to dismiss this petition because it was untimely filed, and Benjamin did not plead and prove a time-bar exception. On January 2, 2012, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Thereafter, on August 9, 2012, the Commonwealth filed another motion to dismiss because Benjamin did not respond to the Rule 907 notice. Noting that Benjamin did not respond, the PCRA court dismissed Benjamin's first PCRA petition by order dated August 10, 2012.

More than ten years later, on May 17, 2023, Benjamin filed his second *pro se* PCRA petition, and the court appointed current counsel. Among the issues raised in this petition, Benjamin asserted, for the first time, that a conflict of interest arose in his case because Judge Jones had previously

represented him as defense counsel and then later sentenced him as a trial judge.

PCRA counsel filed an amended petition on Benjamin's behalf on September 26, 2023. PCRA counsel asserted the Benjamin's claim regarding Judge Jones' disqualification had merit and that the matter should be scheduled for an evidentiary hearing.[1]

On December 7, 2023, the PCRA court held an evidentiary hearing at which both Judge Jones and Benjamin testified. By order entered January 2, 2024, the PCRA court denied Benjamin's amended petition as meritless. This appeal followed. Both Benjamin and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Benjamin raises the following on issue on appeal, which we reproduce verbatim:

1. Should have the PCRA court set aside the guilty plea and sentencing since Honorable Judge Jones, sentenced [Benjamin] while also having his entry of appearance, meeting with [Benjamin], before being sworn as a jurist thus by having a conflict of interest?

---

[1] In the amended petition, PCRA counsel addressed the other two issues Benjamin raised in his *pro se* petition. PCRA counsel acknowledged that Benjamin's ineffective assistance of counsel claim was time-barred under the PCRA. Counsel also acknowledged that Benjamin's claim regarding the extension of his maximum sentence was not cognizable under the PCRA and that Benjamin had not exhausted his administrative remedies regarding the proper calculation of time credit by the Pennsylvania Board of Probation and Parole.

Benjamin's Brief at 2.[2]

Before addressing the substance of this issue, however, we must first determine whether Benjamin's second PCRA petition was timely filed.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be

---

[2] The Commonwealth did not file a brief.

filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Benjamin's judgment of sentence became final on February 26, 2010, thirty days after the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Benjamin until February 28, 2011, to file a timely petition.[3] Because Benjamin filed the petition at issue in May 2023, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Benjamin failed to plead and prove a time-bar exception. Within his brief, rather than stating that he established a timeliness exception as to his conflict-of-interest claim, he directly proceeds to argue the substantive merits of the claim. Because Benjamin's second petition was untimely, however, the PCRA court lacked jurisdiction to consider its merits.[4] *Derrickson*, *supra*.

---

[3] Because the thirtieth day fell on a Saturday, Benjamin had until the following Monday to file a timely PCRA petition. *See* 1Pa.C.S.A. § 1908.

[4] In denying post-conviction relief, the PCRA court found no merit to Benjamin's claim and found Benjamin's testimony at the evidentiary hearing
*(Footnote Continued Next Page)*

- 5 -

We therefore affirm the PCRA court's order denying Benjamin post-conviction relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/09/2024

---

to lack "all credibility." PCRA Court Opinion, 12/31/23, at 3 (unnumbered). This Court may affirm the PCRA court's denial of relief based any basis supported by the record. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Additionally, because it appears that Richardson's ten-year maximum imposed on these charges would have expired prior to the filing of his second petition, Richardson would be ineligible for post-conviction relief on this basis as well. **See generally**, **Commonwealth v. Williams**, 977 A.2d 1174 (Pa. Super. 2009).